UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

CHESTER BODMAN,

    Petitioner,        Case No. 1:12-CV-834

v.              HON. GORDON J. QUIST

LLOYD RAPELJE,

    Respondent.

_____/

## MEMORANDUM ORDER ADOPTING REPORT AND RECOMMENDATION

  Petitioner, Chester Bodman, filed a petition for habeas corpus asserting two separate claims for relief. On April 9, 2014, Magistrate Judge Ellen Carmody issued a Report and Recommendation (R & R) recommending that the Court deny the petition. Bodman timely filed objections to the R & R. Pursuant to 28 U.S.C. § 636(b)(1), upon receiving objections to an R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a *de novo* review of the R & R, Bodman's objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted as the Opinion of the Court.

### *Background*

  As a result of events that occurred on November 19, 2009, Bodman was charged with five separate crimes, including first degree criminal sexual conduct. Bodman was tried for the charged offenses in a single trial, and the jury found Bodman guilty of all charges. Bodman appealed his conviction, asserting that: (1) joinder of the claims in one trial denied him due process; (2) there was insufficient evidence for the first degree criminal sexual conduct charge; and (3) his sentence

exceeded the statutory maximum. The Michigan Court of Appeals affirmed the conviction, and the Michigan Supreme Court denied his request for appeal. Bodman then filed a habeas petition in this Court, asserting the first two of his claims. The magistrate judge recommended that the Court deny the petition, concluding that (1) any error in joining the claims was harmless; and (2) there was sufficient evidence for a reasonable jury to find Bodman guilty of first degree criminal sexual conduct. Bodman objects to both conclusions.

### *Bodman's Objections*

1. Joinder

"Misjoinder is not per se unconstitutional, but rises to that level if it results in prejudice so great as to deny a defendant his due process right to a fair trial." *Coley v. Bagley*, 706 F.3d 741, 753 (6th Cir. 2013). Claims of misjoinder are subject to harmless error review. *Id*. Error is almost always harmless where the trial court "issues a careful limiting instruction to the jury on the issue of possible prejudice resulting from the joinder." *United States v. Cody*, 498 F.3d 582, 587 (6th Cir. 2007).

Bodman argues that the magistrate judge erred in finding that the instruction given by the trial judge constituted a careful limiting instruction.[1] In making that finding, the magistrate judge explained that the instruction at issue was substantially similar to an instruction that the Sixth Circuit found "significantly reduced the potential for prejudice to the defendant" in *United States v. Chavis*, 296 F.3d 450, 462 (6th Cir. 2002). Bodman argues, however, that the instruction in this case was missing an important component of the instruction in *Chavis*—namely, an explicit statement that a decision on one charge should not influence a decision on the other charges. Although the trial

---

[1] Because the magistrate judge assumed that joining the charges into a single trial constituted error, it is unnecessary to address Bodman's arguments regarding whether joinder was proper.

2

court's instruction did not contain that statement, it did advise the jury that each crime had to be considered separately in light of the evidence and proven beyond a reasonable doubt. Taken as a whole, the instruction conveyed the same information as the instruction in *Chavis*.

Bodman further argues that the error was not harmless because all the factors identified by the Supreme Court in *United States v. Lane*, 474 U.S. 438, 450, 106 S. Ct. 725, 732 (1986), were not present. In *Lane*, the Court found that misjoinder constituted harmless error where there was overwhelming evidence of guilt, a limiting instruction was given, and evidence concerning the misjoined counts would have been admissible in separate trials. *Lane*, 474 U.S. at 450, 106 S. Ct. at 732. However, "*Lane* does not require that all three grounds [discussed in the opinion] be present to find harmless error." *United States v. Sims-Robertson*, No. 92-1076, 1994 WL 12212, at *8 (6th Cir. Jan. 18, 1994). Moreover, "*Lane* instructs that we should presume that the jury followed [a limiting instruction] and did not make an improper propensity inference." *Chavis*, 296 F.3d at 462. The Court presumes that the jury followed the trial court's instruction, and thus it is not necessary to determine whether the other two factors identified in *Lane* were present.

The Court finds that any error in joining the charges against Bodman was harmless. Accordingly, Bodman's first objection is overruled.

2.      Sufficiency of the Evidence

Bodman argues that the prosecution did not present any evidence to demonstrate that there was "sexual penetration," as required to convict him of criminal sexual conduct in the first degree. As the magistrate judge explained, however, the prosecution did present such evidence. Although some of that evidence was open to interpretation or conflicted with evidence that Bodman presented, it was the jury's role to "draw inferences, assess witnesses' credibility, and interpret the evidence." *United States v. Harris*, 200 F. App'x 472, 503 (6th Cir. 2006). It is not the Court's job to second guess the jury's decision where, as here, a rational trier of fact could have found the elements of the

3

crime were proven beyond a reasonable doubt. Accordingly, Bodman's objection is without merit.

## *Motion to Stay Proceedings*

Bodman has twice moved the Court stay this matter so that he could pursue certain unexhausted claims in state court. The magistrate judge denied those motions because Bodman had not demonstrated good cause for the failure to exhaust. Bodman filed an objection to the magistrate judge's rulings, which the Court will treat as an appeal of those rulings.

Bodman asserts that he has demonstrated good cause because he has argued that his appellate counsel refused to raise issues and prevented Bodman from raising them himself. However, Bodman does not explain why he failed to exhaust the issues on state collateral review, such as through a motion under Michigan Court Rule 6.500, before filing his federal habeas petition. *See* Mich. Ct. R. 6.500. Accordingly, the Court finds that Bodman has failed to demonstrate good cause for his failure to exhaust.

## *Certificate of Appealability*

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if a petitioner has demonstrated "a substantial showing of a denial of a constitutional right." *Id.* The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Bodman's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the

constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Bodman's claims was debatable or wrong. Thus, the Court will deny Bodman a certificate of appealability.

Therefore,

**IT IS HEREBY ORDERED** that the Report and Recommendation (dkt. # 29) is **ADOPTED** as the Opinion of the Court, and Petitioner's Petition (dkt. # 1) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Objection to the R & R (Dkt. # 32) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's Objection to the Magistrate's Denial of Motions to Stay Proceedings and Hold Habeas Petition in Abeyance (dkt. # 38), which the Court will treat as an objection to the magistrate's orders (dkt. ## 6, 37), is **DENIED**.

**This case is concluded.**


Dated: July 8, 2014                             /s/ Gordon J. Quist
                                              GORDON J. QUIST
                                       UNITED STATES DISTRICT JUDGE